UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JEFFREY BROWN,

                                             Plaintiff,

                                                                           9:11-CV-0705
                  v.                                          (GLS/RFT)

OFFICE OF STATE ATTORNEY[1],

                                             Defendant.

**APPEARANCES**

JEFFREY BROWN
241001621
GMDC
15-15 Hazen St.
East Elmhurst, New York 11370
Plaintiff, *pro se*

GARY L. SHARPE
United States District Judge

## MEMORANDUM-DECISION AND ORDER

**I.**    **Introduction**

---

[1] The court has spelled out the defendant's proper name.

The Clerk has sent to the court for review a civil rights complaint filed by *pro se* plaintiff Jeffrey Brown.[2]  Dkt. No. 2.  Brown, who has not paid the filing fee for this action, seeks leave to proceed *in forma pauperis*.  Dkt. No. 1.

By his complaint, Brown claims that he was assaulted by unnamed employees of Clinton Correctional Facility ("Clinton").  Dkt. No. 2 at 2-5.  For a complete statement of Brown's claims, reference is made to the complaint.

## II. Discussion

### (A) Application to proceed *in forma pauperis*

Brown seeks *in forma pauperis* status in this action and has duly filed a signed *in forma pauperis* application and the required prisoner authorization form.  Dkt. No. 1.  Upon review, the Court finds that Brown has demonstrated sufficient economic need and properly commenced this action without prepayment of the filing fee.

### (B) Sufficiency of the allegations contained in the complaint

Having found that Brown meets the financial criteria for commencing this case *in forma pauperis*, the court must now consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. §§ 1915(e) and

---

[2] Brown commenced this action in the Southern District of New York.  Dkt. No. 2.  By Order of Chief United States District Judge for the Southern District, Loretta A. Preska, this action was transferred to this District on June 22, 2011.  Dkt. No. 4.

1915A.  Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(a), (b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner *pro se* complaints)*; Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (holding that section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee).

Additionally, when reviewing a complaint, the court may also look to the Federal Rules of Civil Procedure.  Rule 8 of the Federal Rules of Civil

Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz,* No. 95 CIV. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, C.J.) (other citations omitted)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere

4

conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949. Thus, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Brown brings this action under 42 U.S.C. § 1983 ("Section 1983"), which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) ("[Section 1983] is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights."). The personal involvement of a defendant is a prerequisite for the assessment of liability in a § 1983 action, *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977).

Here, the only entity identified as a defendant in the caption (the "Office of State Atty"), is not mentioned anywhere in the body of the complaint. Thus, even assuming that Brown could properly raise claims against the "Office of State Atty," it is entirely unclear what wrondgoings, if any, are attributable to that organization.³ Accordingly, the "Office of State Atty," is dismissed without prejudice as a defendant from this action. *See Cipriani v. Buffardi*, No. 9:06-CV-889, 2007 WL 607341, at *1 (N.D.N.Y. Feb. 20, 2007) ("Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff." (citing *Gonzalez v. City of New* York, No. 97 CIV. 2246, 1998 WL 382055, at *2 (S.D.N.Y. Jul. 9, 1998))); *Crown v. Wagenstein*, No. 96 CIV. 3895, 1998 WL 118169, at *1 (S.D.N.Y. Mar.16, 1998) (holding the mere inclusion of

---

³ Brown failed to include any further identification for the "Office of State Atty." It is therefore unclear what specific organization Brown is naming as a defendant. However, insofar as Brown may be attempting to raise claims against state prosecutors, he is advised that actions taken by those attorneys in their official capacities are not actionable under Section 1983. *See Flaglar v. Trainor*, —F.3d—, No. 10-4081-cv, 2011 WL 5829660, at *2 (2d Cir. Nov. 21, 2011) ("Prosecutors are generally immune from liability under 42 U.S.C. § 1983 for conduct in furtherance of prosecutorial functions that are intimately associated with initiating or presenting the State's case.") (citation omitted). The court also notes that at several instances in the complaint, Brown states that he sent a letter and/or reports regarding the assault to Prisoner Legal Services and that more detailed information could be provided by them. Dkt. No. 2 at 2, 5. Thus, while Prisoner Legal Services is the only legal organization mentioned in the body of the complaint, it appears that Brown is not attempting to identify the "Office of State Atty" as Prisoner Legal Services or raise any claims against that entity. However, to the extent that Brown may be attempting to identify Prisoner Legal Services as the defendant, he has failed to raise any actionable Section 1983 claims against that organization.

warden's name in complaint to be insufficient to allege personal involvement) (citing *Taylor v. City of New York,* 953 F. Supp. 95, 99 (S.D.N.Y. 1997)).

Furthermore, although Brown states that he was assaulted[4] by Clinton employees, he failed to identify any of the allegedly responsible individuals.[5] Dkt. No. 2 at 2-5.  Accordingly, despite liberally construing Brown's complaint, he has failed to state a claim on which relief may be granted.  As such, the complaint is dismissed in its entirety without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Nevertheless, in light of Brown's *pro se* status, should he wish to continue this action, he may submit an amended complaint to the Court **within thirty days** setting forth specific allegations of wrongdoing against the defendant(s).

If Brown submits an amended complaint, he is strongly encouraged (but not required) to the greatest extent possible to include in his amended complaint the alleged acts of misconduct and the name of each individual

---

[4] The Court notes that the Section 1983 form complaint Brown submitted requested that he state the date for "the events giving rise to [his] claim(s)." Dkt. No. 2 at 2.  Brown responded with "October 2006." *Id.*  It is therefore likely that Brown's assault claims fall outside the three year statute of limitations for Section 1983 actions.  *See Joseph v. Athanasopoulos*, 648 F.3d 58, 63 (2d Cir. 2011) (noting that there is a "three-year limitations period applicable to § 1983 actions against New York officials").

[5] The Court has also considered the affidavit Brown submitted in support of his complaint. Dkt. No. 6.  However, although the affidavit references the alleged assault, it also fails to identify any of the responsible individuals.  *Id.*

who participated in the misconduct as well as facts which would establish how each of the named defendants were personally involved in the alleged constitutional or statutory violations. Brown is advised that the amended complaint will completely replace the prior complaint in the action. Therefore, he should set forth all of his claims against each of his defendants in a manner that complies with the requirements of this Decision and Order and Federal Rules of Civil Procedure 8 and 10.[6] No portion of any prior complaint shall be incorporated into his amended complaint by reference.

To assist Brown in filing an amended complaint, the Clerk shall send Brown a copy of his original pleading, the affidavit in support of his complaint, and the form complaint available for use by litigants in Section 1983 actions. Brown is advised that his failure to submit an amended complaint within thirty (30) days of the filing date of this Decision and Order, will result in the dismissal of this action without prejudice without further Order of the Court.

## III. Conclusion

Wherefore, it is hereby

---

[6] Brown is also reminded that any amended complaint submitted will be subject to review pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

ORDERED, that Brown's *in forma pauperis* application (Dkt. No. 1) is **GRANTED**.[7]  The Clerk of the Court shall provide the Superintendent of the facility that Brown has designated as his current location with a copy of Brown's prisoner authorization form and notify that official that Brown has filed this action and is required to pay the entire statutory filing fee of $350.00 to the Northern District of New York[8] pursuant to 28 U.S.C. § 1915; and it is further

ORDERED that the Clerk of the Court shall provide a copy of Brown's prisoner authorization form to the Financial Deputy of the Clerk's Office; and it is further

ORDERED, that the complaint is **DISMISSED** in its entirety without prejudice for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

ORDERED, that if Brown wishes to continue with this action, he is directed to file an amended complaint within thirty (30) days of the filing date

---

[7] Brown should note that, although the Court has granted his application to proceed *in forma pauperis*, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

[8] While the prisoner authorization form designates the Southern District of New York to receive the fee, this action was transferred to this District by Order of Loretta A. Preska, Chief District Judge of the Southern District.  (Dkt. Nos. 1, 4.)  Thus, it is appropriate to make payment of the filing fee to the Northern District of New York as the transferee court.

of this Decision and Order. The amended complaint must be a complete pleading that sets forth all of the claims Brown seeks to pursue against the named defendant(s); and it is further

ORDERED, that upon the filing of Brown's amended complaint, the Clerk of the Court shall return the file in this matter to the Court for further review; and it is further

ORDERED, that if Brown fails to timely file an amended complaint, this action will be dismissed without further Order of the Court due to Brown's failure to state a claim on which relief may be granted; and it is further

ORDERED that the Clerk send Brown a copy of the original pleading (Dkt. No. 2), the affidavit in support of his complaint (Dkt. No. 6), and the form complaint available for use by litigants in Section 1983 actions; and it is further

ORDERED that the Clerk serve a copy of this Decision and Order on Brown.

Dated: December 14, 2011

_____
Gary L. Sharpe
U.S. District Judge